**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REYES GUTIERREZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-446-FM** |
| | § | |
| **S. HIJAR, Warden,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Reyes Gutierrez, federal prisoner number 17300-408, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] He claims the Bureau of Prisons (BOP) has failed to acknowledge the additional "good time" credits he earned pursuant to the First Step Act. *Id*. at 7. But it appears from the face of his petition that his claims are unexhausted, and that he is not entitled to § 2241 relief.

## BACKGROUND

Gutierrez is a 53-year-old inmate serving a 147-month sentence imposed in cause number 1:14-CR-00008-SPW-1 in the United States District Court for the District of Montana after he pleaded guilty to conspiring to possess with intent to distribute methamphetamine. *Id*. at 22. He is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas.[2] *See* www.bop.gov/inmateloc (search for Reg. 17300-408, last visited Jan. 9, 2022). His projected release date is August 17, 2024. *Id*.

Gutierrez claims he has participated in Evidence Based Recidivism Programs (EBRR) and

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Anthony is located in El Paso County, Texas, which is within the jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3).

Productive Activities (PA) since December 21, 2018, the effective date of the First Step Act. Pet'r's Pet., ECF No. 1 at 9. He avers he has also maintained a low or minimum Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score. *Id.* As a result, he believes he is entitled to additional time credits toward his sentence and early placement in a halfway house or home confinement under the First Step Act. *Id.* Indeed, by his calculations, he has earned 670 days of time credits. *Id.* at 6. But he has only 630 days remaining until his projected release date. *Id.* So, he asks the Court to intervene in his behalf and ensure the BOP applies all his "First Step Act earned time credits" toward his sentence. *Id.* at 7.

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). And he must show that he has already exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not

be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

### A. Exhaustion

An initial issue which a court must address when screening a § 2241 petition is whether

the petitioner has exhausted his administrative remedies. *Fuller*, 11 F.3d at 62. The petitioner must

exhaust all administrative remedies which might provide appropriate relief before seeking judicial

review. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exhaustion in this context means

"proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf.*

*Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion under the Prison Litigation

Reform Act).

A federal prisoner must use the BOP's multi-tiered administrative remedy program to

"seek formal review of an issue relating to any aspect of [his] confinement." 28 C.F.R. § 542.10(a).

Initially, he must attempt to informally resolve the complaint with the staff with a Form BP-8. *Id.*

§ 542.13(a). If his informal attempts are unsuccessful, he must submit a written complaint to his

warden within twenty calendar days of the incident on a Form BP-9. *Id.* § 542.14. If he is not

satisfied with the warden's response, he may appeal to the Regional Director within twenty days

after the warden's response on a Form BP-10. *Id.* § 542.15. If still not satisfied, he may appeal to

the Central Office within thirty days of the Regional Director's decision on a Form BP-11. *Id.*

A warden has twenty days, which may be extended by an additional twenty days, to

respond to a complaint. *Id.* § 542.18. The regional director has thirty days, which may be extended

by an additional thirty days, to respond to an appeal. *Id*. § 542.15(a). The General Counsel has forty days to deliver a response to an appeal. *Id*. § 542.18.

A prisoner may consider the absence of a timely response a denial at that level and proceed to the next level. *Id.* But he may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Gutierrez claims he submitted a Form BP-8 to his case manager on October 15, 2022. Pet'r's Pet., ECF No. 1 at 9. He says he asked his manager if the BOP had declined to give him time credit for his participation in EBRR programs or Productive Activities. *Id*. He adds when he received a "Reviewed, no issues noted" response, he initiated the next step in the administrative review process on October 17, 2022, by filing a Form BP-9. *Id*. His federal petition indicates he prepared it on November 29, 2022—only 43 days after he first submitted his Form BP-9 to the warden. *Id*. at 10. He asks the Court "to excuse the exhaust[ion] requirement due to the blatant

disregard of [his] due process rights." *Id.*

Gutierrez has clearly not exhausted his available administrative remedies through all levels of the administrative review process. And he has offered no evidence suggesting the available administrative remedies are either unavailable or wholly inappropriate to the relief sought. If he has a meritorious claim, there is nothing to suggest that the BOP would not afford him relief through its administrative review process. And if Gutierrez has identified an error in the calculation of his sentence and projected release date, he should afford the BOP an opportunity to correct the error before he is permitted to seek judicial intervention. So, an attempt by Gutierrez to exhaust through the BOP administrative review process would clearly *not* be a patently futile course of action. And while "[i]t is true that exhaustion . . . takes time, . . . there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Consequently, the Court finds that Gutierrez has failed to exhaust his administrative remedies. And it notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Gutierrez had properly exhausted, the Court would still not grant him § 2241 relief.

### B.  Authority of the Bureau of Prisons to Calculate Sentences

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration

of the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Accordingly, only the Attorney General, through the BOP, may compute time credits for prisoners. *Wilson*, 503 U.S. at 334–35; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b).

The First Step Act of 2018 adjusted the way the BOP calculates good-time credit. It increased the maximum number of days inmates could earn per year from 47 to 54. 18 U.S.C. § 3624(b)(1). It gave prisoners the opportunity to earn ten additional days of time credits for every 30 days of successful participation in EBRR programs and PA. *Id*. § 3632(d)(4)(A)(i). It also allowed offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of time credits if they did not increase their risk levels over two consecutive assessments. *Id*. § 3632(d)(4)(A)(ii).

But earned time credits are "applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). And the Director may transfer a prisoner into prerelease custody or supervised release only in accordance with § 3624(c). *Id*. So, under the applicable statutory scheme, the Director retains the discretion to determine whether a prisoner will (1) receive time credits toward the completion of his sentence, and (2) be placed in a community corrections facility or home confinement.

Gutierrez claims he has participated in EBRR or Productive Activities. Pet'r's Pet., ECF No. 1 at 9. He includes with his petition a document showing his PATTERN score is "minimum." *Id*. at 24. He suggests his "First Step Act (FSA) time credits have not been applied to [his] sentence." *Id*. at 12.

"[B]efore the Attorney General has made a determination of a prisoner's credits, there is no case or controversy ripe for review when the prisoner challenges his credits." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). As a result, if the Attorney General, through the BOP, has not yet calculated Gutierrez's time credits under the First Step Act, the Court does not have jurisdiction to rule on the merits of his unripe habeas petition. *Id.*

But Gutierrez provides a document—a sentence monitoring computation data form dated June 7, 2022—which shows his time credits have already been calculated in accordance with adjustments allowed in the First Step Act. *Id*. at 23 ("REMARKS … 11-27-19 GCG UPDTD PURSUANT TO FSA"). Yet he fails to identify any error in the BOP's calculation of his credits.

Regardless, the actual calculation of Gutierrez's time credits remains within the discretion of the Attorney General through the BOP. 18 U.S.C. § 3624(b). He has failed to provide evidence to support a conclusion the BOP abused that discretion. Consequently, Gutierrez cannot meet his burden of showing he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c).

## CONCLUSIONS AND ORDERS

Accordingly, the Court concludes that Gutierrez has not only failed to exhaust his administrative remedies but also has no constitutional or statutory right to have the Court ensure the BOP applies all his claimed "First Step Act earned time credits" toward his sentence. The Court

further concludes that it appears from the face of Gutierrez's petition and other pleadings that he is not entitled to § 2241 relief. The Court therefore enters the following orders:

**IT IS ORDERED** that Gutierrez's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 18th day of January 2023.

_____

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

8